# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; and Construction Industry Research and Service Trust Fund, <br><br> Plaintiffs, <br><br> v. <br><br> Beverly Environmental L.L.C., <br><br> Defendant. | Civil Action <br><br> No. 20-CV-490 |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"), and Construction Industry Research and Service Trust Fund ("CRF"), hereby file suit against Defendant, Beverly Environmental L.L.C. ("Beverly").

## COUNT I – FUNDS' SUIT FOR AN AUDIT

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are located and administered in Cook County, Illinois.

3. International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an "employee organization" under ERISA, 29 U.S.C. § 1002(4); and a "labor organization" under the LMRA, 29 U.S.C. § 152(5).

4. Beverly is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and the LMRA, 29 U.S.C. § 152(2).

5. Beverly identified James Esposito as Registered Agent and Manager with the Illinois Secretary of State (Exhibit A).

6. On June 11, 2010, Beverly through its Agent James Esposito signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement between the Union and the Northern Illinois Landscape Contractors known as the Landscape Construction Labor Agreement (excerpts attached as Exhibit C).

7. On September 13, 2011, Beverly through its Agent James Esposito signed a Memorandum of Agreement (attached as Exhibit D) with the Union that adopted the terms of a collective bargaining agreement between the Union and the Mid-America Regional Bargaining Association ("MARBA") commonly known as the Illinois Heavy, Highway and Underground Agreement (excerpts attached as Exhibit E). Beverly is likewise bound to several other collective bargaining agreements (hereinafter collectively referred to as "CBAs").

8. The CBAs and the Agreements and Declarations of Trust incorporated therein require Beverly to make fringe benefit contributions to the Funds. The Funds are "employee benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

9. The CBAs and Trust Agreements additionally require Beverly to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany

these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that Beverly was delinquent in the reporting or submission of contributions;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Beverly to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

10. Beverly is delinquent and has breached its obligations to the Funds and its obligations under the Plans by its refusal to complete an audit as requested by the Funds.

11. The Funds have demanded that Beverly perform its obligations stated above, but Beverly has failed and refused to so perform (attached as Exhibit F).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Beverly covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period January 1, 2017 through the present;

B. Beverly be ordered to pay any amounts determined to be due pursuant to such audit;

C. Beverly be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of the Funds and against Beverly for all costs of auditing Beverly's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Beverly be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and

Case: 1:20-cv-00490 Document #: 1 Filed: 01/22/20 Page 4 of 5 PageID #:1

contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA; and,

F. The Funds have such further relief as may be deemed just and equitable by the Court, all at Beverly's cost.

## COUNT II – CRF SUIT FOR AUDIT

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and each party is situated within this judicial district.

3-9. CRF re-alleges and incorporates herein by reference paragraphs 3 through 9 of Count I as paragraphs 3 through 9 and as if fully stated herein.

10. CRF is a "labor management committee" as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

11. The CBAs place similar obligations on Beverly with respect to CRF as it does the Funds. Beverly is delinquent and has breached its obligations to the CRF by its refusal to complete an audit as requested.

12. CRF has demanded that Beverly perform its obligations stated above, but Beverly has failed and refused to so perform (see Exhibit F).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Beverly covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period January 1, 2017 through the present;

B. Beverly be ordered to pay any amounts determined to be due pursuant to such audit;

C. Beverly be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

4

D. Judgment be entered in favor of CRF and against Beverly for all costs of auditing Beverly's records, and CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Beverly be permanently enjoined to perform specifically its obligations to CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

F. CRF receive such further relief as may be deemed just and equitable by the Court, all at Beverly's cost.

Dated: January 22, 2020

Respectfully submitted,

By: Steven A. Davidson
One of Plaintiffs' Attorneys

Attorneys for Plaintiffs:

Dale D. Pierson *(dpierson@local150.org)*
Steven A. Davidson *(brussell@local150.org)*
James Connolly, Jr. *(jconnolly@local150.org)*
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL 60525
Ph. 708-579-6663
Fx. 708-588-1647